**Jerome JENSON; Eileen Horton; Joseph Risse; Betty Tait,**
Plaintiffs—Appellees,

v.

**FISERV TRUST COMPANY,**
Defendant—Appellant.

No. 07–55613.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 9, 2007.

Filed Nov. 26, 2007.

---

Lionel Z. Glancy, Esq., Kevin F. Ruf, Esq., Glancy and Binkow LLP, Los Angeles, CA, for Plaintiffs–Appellees.

Gail E. Lees, Gibson Dunn & Crutcher, LLP, Los Angeles, CA, for Defendant–Appellant.

Before: B. FLETCHER and RYMER, Circuit Judges, and BEISTLINE *, District Judge.

### MEMORANDUM **

Fiserv Trust Company appeals the district court's decision to certify a class of 1700 investors who invested with D.W. Heath & Associates and lost money, as well as a subclass of approximately 850 persons who made those investments through Fiserv accounts.[1] At this stage of the proceedings, we cannot say that the

---

\* The Honorable Ralph R. Beistline, United States District Judge for the District of Alaska, sitting by designation.

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. The named plaintiffs are Jerome Jenson, Betty Tait, Eileen Horton, and Joseph Risse

district court abused its discretion. Accordingly, we affirm.

## I

■ Fiserv argues that a fraud case involving materially differing oral representations is not amenable to class treatment, but for reasons explained in greater depth by the district court, the "center of gravity" of the Heath fraud predominates over details of individual communications. *See In re First Alliance Mortgage Co.,* 471 F.3d 977, 991 (9th Cir.2006) (quoting with approval *In re American Continental Corp./Lincoln Savings & Loan Securities Litig.,* 140 F.R.D. 425, 430–31 (D.Ariz. 1992)); Fed.R.Civ.P. 23(b)(3). The Ponzi scheme itself would have to be proved or controverted over and over were the case not to proceed as a class action. *Cf., e.g., Clark v. Watchie,* 513 F.2d 994, 999 (9th Cir.1975) (addressing the more typical fraud in which individual issues may well predominate). Thus, Heath's underlying fraud may be proved on a class basis. *See First Alliance,* 471 F.3d at 990 (citing the Advisory Committee Notes to Rule 23, that a "fraud perpetrated on numerous persons by the use of similar misrepresentations may be an appealing situation for a class action"); *Blackie v. Barrack,* 524 F.2d 891, 902 (9th Cir.1975) (noting that a class of purchasers allegedly defrauded over a period of time by similar misrepresentations have a common interest in determining whether a defendant's course of conduct is actionable that is not defeated by slight differences in class members' position).

■ Fiserv similarly contends that Jenson must prove that each class member reasonably relied on a material misstatement or omission. However, common issues do not necessarily fail to predominate simply because reliance must be shown. While *Mirkin v. Wasserman,* 5 Cal.4th

(collectively, "Jenson").

1082, 23 Cal.Rptr.2d 101, 858 P.2d 568 (1993), rejected a presumption of reliance on a class-wide basis when the same omission had not been communicated to each class member, *id.* at 1090, 23 Cal.Rptr.2d 101, 858 P.2d 568, the court continued to recognize that when the same material misrepresentations *have* been communicated, an inference of reliance may arise as to the entire class. *Id.* at 1095, 23 Cal. Rptr.2d 101, 858 P.2d 568 (citing *Vasquez v. Superior Court,* 4 Cal.3d 800, 814 & n. 9, 94 Cal.Rptr. 796, 484 P.2d 964 (1971)). Here, Heath allegedly communicated to each prospect that investors would get a high rate of return, liquidity, and redemption at maturity from their investments, whereas the truth was that their return, if any, would come from the contributions of others. It is not unreasonable in these circumstances to infer reliance by all members.

■ Fiserv's contention that there is no common proof that could establish that it knew what Heath told each investor, or that it knew that what Heath told each investor was false, fails for the same reason. Its submission that regardless, there is no common proof which could establish that Fiserv provided any assistance or encouragement to Heath likewise falls short, because whether the class had accounts with Fiserv or not, Fiserv either knew of Heath's scheme to defraud and took steps substantially to advance the scheme or it didn't. Either way, its knowledge and assistance (if any) predominates as a common issue.

■ Fiserv further maintains that it cannot be secondarily liable to non-customers or for substantially assisting Heath because the assistance allegedly offered was done pursuant to contractual duties for which it cannot be liable under *Chazen v. Centennial Bank,* 61 Cal.App.4th 532, 71

Cal.Rptr.2d 462 (1998). While we recognize that the merits are to some extent intertwined in the determination of whether to certify a class, *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 509 (9th Cir. 1992), whether Jenson can state a claim as a matter of law seems better addressed on summary judgment.

## II

 Jenson's claim for breach of contractual and fiduciary duties to Fiserv's own customers requires proof that Fiserv had knowledge and substantially assisted the Heath scheme, or that Fiserv substantially assisted Heath and that its own conduct constitutes a breach of duty. *Casey v. U.S. Bank Nat'l Assn.*, 127 Cal.App.4th 1138, 1144, 26 Cal.Rptr.3d 401 (Cal.App. 2005). The thrust of Fiserv's argument is that the elements have not been, and cannot be, shown as a matter of law. However, this is a call we cannot make given the procedural posture in which this appeal comes to us. It, too, is better suited to resolution on a motion for summary judgment. Meanwhile, the district court had discretion to conclude that the case could proceed as a class action in light of Jenson's submission that most of Fiserv's Heath investors held a single investment in PCM FIFI as to which breaches occurred for the same reason—to give substantial assistance to Heath.

## III

Although we cannot presently say that the district court abused its discretion, the class should not necessarily stand as certified. For example, Jenson's counsel acknowledged at oral argument that Fiserv could not have known about, or substantially assisted, Heath before it became involved in 1995. It is also problematic whether the common features of all of the administrative failures that Jenson points

to predominate. In any event, we are not specifically asked to distinguish among the asserted breaches of duty to determine which, if any, are amenable to class treatment, nor is the record sufficiently developed for us to do so. Suffice it to say that it may turn out that the class is inappropriately certified as to some or all of these issues once the record is developed through discovery. Summary judgment, and decertification, are available to refine and narrow the class and the issues that are amenable to class action treatment. Fed.R.Civ.P. 56, 23(c)(1)(C). We assume that the degree and scope of certification will be revisited in due course, and emphasize that nothing we have said in this disposition should be taken as expressing a view on the legal or factual sufficiency of Jenson's claims, or the extent to which the district court may exercise its discretion to modify the order certifying the class and subclass.

AFFIRMED.